**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ERIC HUNAULT,

        Plaintiff,

v.                                                                                                Case No. 15-12772

FCA US LLC,

        Defendant.

                                    /

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS;**
**(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;**
**AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

*Pro se* Plaintiff Eric Hunault brings this action against Defendant FCA US LLC,

his former employer, alleging violations of the Americans with Disabilities Act ("ADA"),

42 U.S.C. § 12101 *et seq*. Defendant has filed a Motion for Summary Judgment. (Dkt. #

25.) Pending before the court is the Report and Recommendation (Dkt. # 48) of United

States Magistrate Judge David R. Grand, to whom this court referred all pretrial matters

under 28 U.S.C. section 636(b)(1)(A) and (B), recommending that this court grant

Defendant's motion. Plaintiff has filed numerous objections (Dkt. # 49) under 28 U.S.C.

section 636(b)(1) and E.D. Mich. LR 72.1(d)(2), and Defendant has filed its response.

(Dkt. # 50.) After reviewing all of the briefing, the objections, and the response, the court

finds that a hearing is unnecessary. E.D. Mich. LR 72.1(d)(2).

        The court will adopt the Report and Recommendation and grant Defendant's

Motion for Summary Judgment for the reasons that follow.

## II. STANDARD

The filing of timely objections requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). See *United States v. Raddatz,* 447 U.S. 667 (1980); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires this court to examine the relevant pleadings and such evidence as may have been submitted in support of the motions to determine the outcome of the motions. A failure to file objections, or a failure to file *specific* objections, each constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991).

In order for this court to apply meaningful *de novo* review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment (or response to the other party's dispositive motion). Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. *See Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

## II. DISCUSSION

Plaintiff alleges that Defendant required him to be evaluated by a psychiatrist before offering him employment, in violation of the ADA. The provision on which his claim is based, 42 U.S.C. § 12112(d)(2), provides that "a covered entity shall not conduct a medical examination or make inquiries of a job applicant as to whether such applicant is an individual with a disability or as to the nature or severity of such

disability." In his Report and Recommendation, the magistrate judge concludes that

Plaintiff's claim is "not viable" because the provision "applies only to 'job applicants,' and

there is no genuine issue of material fact that [Plaintiff] was not a job applicant at the

time of the challenged medical examination." (Dkt. # 48, Pg. ID 1417.) Rather, the

magistrate judge finds that Plaintiff was "a returning employee with known medical

issues; as such, [Defendant] was within its rights in requiring him to undergo a medical

examination that was 'job-related and consistent with business necessity,' pursuant to §

12112(d)(4)(A)." (*Id.*)

Plaintiff raises around thirty-eight objections to the Report and Recommendation

in his responsive filing.[1] (Dkt. # 49.) The majority of the objections do not merit specific

treatment. Many are minor complaints about the magistrate judge's word choice or

phrasing that are irrelevant to the underlying legal issues. (*E.g.*, *id.* at Pg. Id 1430

(Objection # 1, objecting to the use of "*et seq.*" when citing the ADA).) Others argue that

the magistrate judge omitted facts from his reasoning, but do not explain how or why

these facts, if included, would change the analysis. (*E.g.*, *id.* (Objection # 2, requesting

that the factual background mention that "Rudy Star was a contract supervisor").) Still

others accuse the magistrate judge of bias and mistreatment without support. Most

factual assertions are unaccompanied by citations to supporting evidence in the record.

Accordingly, except for those specifically discussed below, Plaintiff's objections are

---

[1] Discussion of Plaintiff's objections is complicated by the fact that several objections are labeled with the same number  – for instance, there are five separate objections labeled "Objection # 15" – and the numbering is not always sequential – three objections labeled "Objection # 15" follow two objections labeled "Objection # 16."

"unavailing general objections" and the court will not consider them. *Howard,* 932 F.2d at 508-509.

### A. Objections 20, 22, and 25

Plaintiff repeatedly argues that he should be treated as a "job applicant" for the purposes of section 12112(d)(2) because he was told by his union that he would be treated as a "rehire." (Dkt. # 49, Pg. ID 1439, 1446, 1449.) However, Plaintiff does not address the magistrate judge's extensive treatment of this argument. (Dkt. # 48, Pg. ID 1419-21 (citing *Grenier v. Cyanamid Plastics, Inc.*, 70 F.3d 667 (1st Cir. 1995)).) The magistrate judge explained that Plaintiff's own assertion that his union – not his employer – used the word "rehire" is not sufficient to create a genuine issue of material fact as to whether he was a "job applicant" within the meaning of section 12112(d)(2) at the time of the medical examination, particularly when Plaintiff has also testified that his union told him "it was a fitness for duty exam to return to work." (*Id.* at Pg. ID 1419 n.10 (quoting Dkt. # 25-1) (emphasis removed).) The court agrees with and adopts the magistrate judge's reasoning on this point, and overrules these objections.

### B. Objections 16 (2nd),[2] 17, and 18

Plaintiff argues that his mother requested medical leave for him via text message to his union representative and, further, that Defendant's failure to grant the request constitutes an unreasonable failure to accommodate in violation of the ADA. (Dkt. # 49, Pg. ID 1437-38.) In support, Plaintiff states that "[d]etails are provided in notes submitted and made by Plaintiff's mother as well as Plaintiff's affidavit citing

---

[2] Referring to the second of two objections labeled "Objection 16."

conversation." (Dkt. # 49, Pg. ID 1437.) The court has reviewed Plaintiff's mother's notes and has been unable to locate any mention of a text to his union representative. (Dkt. # 38, Pg. ID 600.) In any event, as the magistrate judge explained, there is no evidence that Plaintiff, Plaintiff's mother, or Plaintiff's union representative actually conveyed a request for leave to Defendant and Plaintiff's "own unsupported assertions to the contrary are insufficient to survive summary judgment." (Dkt. # 48, Pg. ID 1425 n.15 (citing *Gooden v. City of Memphis Police Dept.*, 67 F. App'x 893, 895 (6th Cir. 2003) ("Conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not enough to defeat a well supported motion for summary judgment.")).)

### C. Objection 15 (3rd)[3]

Finally, Plaintiff argues for the first time that Defendant violated the ADA by soliciting an illegal medical inquiry from Dr. Gastman, one of Plaintiff's family physicians. (Dkt. # 49, Pg. ID 1435.) Plaintiff ordinarily may not raise a claim or argument for the first time in his objections to a Report and Recommendation. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (explaining that the Magistrate Judge Act, 28 U.S.C. section 631 *et seq.*, "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate" absent "compelling reasons"). In any event, the ADA does not prohibit employers from requesting a general diagnosis after a period of medical leave. *See Lee v. City of Columbus, Ohio*, 636 F.3d 245, 254 (6th Cir. 2011). Defendant's objection is unavailing.

---

[3] Referring to the third of five objections labeled "Objection 15."

## IV. CONCLUSION

The court has read the report and recommendation and finds that it is well-reasoned, thorough, and correct. Accordingly,

IT IS ORDERED that Plaintiff's Objections (Dkt. # 49) are OVERRULED. The magistrate judge's Report and Recommendation (Dkt. # 48) is ADOPTED in its entirety and incorporated by reference.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (Dkt. # 25) is GRANTED. A separate judgment shall issue.

    s/ Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: December 6, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 6, 2016, by electronic and/or ordinary mail.

    s/ Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\15-12772.HUNAULT.R&R.adopt.summary.judgment.tlh.wpd